UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GERARDO ALVAREZ, | § | |
| (TDCJ-CID #02005608) | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-8 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | | |

**MEMORANDUM AND ORDER**

Petitioner Gerardo Alvarez, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 24th Judicial District Court of DeWitt County, Texas. Respondent filed a motion for summary judgment on the ground that the petition for writ of habeas corpus should be dismissed as time-barred. (Docket No. 13.) Alvarez did not file an opposition to the motion.

The threshold issue is whether Alvarez's federal petition for writ of habeas corpus is barred by limitations.

**I.   BACKGROUND**

A grand jury in DeWitt County, Texas, returned an indictment against Alvarez in Cause No. 14-11-12, 124 charging him with (1) aggravated sexual assault of a child; and (2) indecency with a child. (Docket No. 14-21 at 8). After a bench trial, Alvarez was found guilty of aggravated sexual assault and was sentenced to seventy-five years' imprisonment. *See Alvarez v. State*, No. 13-15-00268-CR, 2016 WL 3962685, at *1 (Tex. App.—Corpus Christi July 21, 2016). Alvarez filed a direct appeal of his conviction, arguing that the trial court erred by admitting photographs without proper authentication. *Id.* On July 21, 2016, the Thirteenth Court

of Appeals of Texas affirmed the judgment of the trial court. *Id.* at *3. On January 11, 2017, the Texas Court of Criminal Appeal refused Alvarez's petition for discretionary review. *Alvarez v. State*, No. PD-929-16 (Tex. Crim. App. Jan. 11, 2017) (*see also* Docket No. 14-5 at 1). Alvarez did not seek a writ of certiorari from the United States Supreme Court. (*See* Docket No. 1 at 3).

Alvarez filed a state application for writ of habeas corpus on June 25, 2018. (Docket No. 14-23 at 30–47). On November 7, 2018, the Texas Court of Criminal Appeals denied Alvarez's state application for writ of habeas corpus without a written order. (Docket No. 14-22 at 1).

On December 28, 2018, Alvarez filed the instant federal petition for writ of habeas corpus. (Docket No. 1 at 10). In seeking habeas relief, Alvarez claims that his constitutional rights were violated in multiple ways. First, Alvarez claims that he was not read his *Miranda* rights at the time of his arrest and that he was not able to speak with his appointed counsel until nine months after his arrest. (*Id.* at 6). Second, Alvarez appears to argue that Section 11.24 of the Texas Code of Criminal Procedure was violated. (*Id.*) Third, Alvarez argues that the State failed to show sufficient evidence at the trial because no forensic exam was conducted on the victim. (*Id.* at 7). Fourth, Alvarez claims that one of the trial witnesses committed perjury. (*Id.*) Last, Alvarez avers that the trial court erred when it admitted "State's exhibit #2" into evidence. (*Id.*) Respondent filed a motion for summary judgment on August 2, 2019, arguing that the petition is barred by the statute of limitations. (Docket No. 13). Alvarez has not responded to the motion.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation within which a state prisoner may file a petition challenging a sentence

under 28 U.S.C. § 2254. In most cases, the one-year period of limitations runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[1] 28 U.S.C. § 2244(d)(1)(A).

Alvarez filed a direct appeal of his conviction and it was pending until July 21, 2016, when the Thirteenth Court of Appeals affirmed his conviction. Alvarez filed a petition for discretionary review to the Texas Court of Criminal Appeals, which was refused on January 11, 2017. Therefore, Alvarez's conviction became final on April 11, 2017, when the time for seeking further review in the United States Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citations omitted) ("[T]he 'conclusion of direct review' is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review[,]'. . . [which] includes the ninety days allowed for a petition to

---

[1] The full text of the AEDPA limitations provision reads as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

the Supreme Court following the entry of judgment by the state court of last resort."). Absent tolling, the one-year limitation period expired on April 11, 2018.

### A. Statutory Tolling

The one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending[.]" 28 U.S.C. § 2244(d)(2). Alvarez filed a state habeas application on June 25, 2018. Alvarez's state application did not toll the AEDPA limitations period, however, because it was filed more than two months after the period of limitation had already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original) (holding that petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"). Therefore, statutory tolling does not apply.

### B. Equitable Tolling

The one-year AEDPA limitations period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling, however, "is only available in 'rare and exceptional circumstances.'" *Clark v. Davis*, 580 F.3d 770, 784 (5th Cir. 2017) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *accord Holland*, 560 U.S. at 649. "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and this determination is "made on a case-by-case basis." *Holland*, 560 U.S. at 650, 652. Moreover, "[e]quity is not intended for

those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). While the petitioner bears the burden of establishing that equitable tolling is warranted, the decision of whether to invoke equitable tolling is left to the discretion of the district court. *See Howland*, 507 F.3d at 845; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Here, Alvarez does not argue that equitable tolling should apply, nor does the record reveal the existence of any rare or exceptional circumstances that would warrant equitable tolling. Accordingly, Alvarez has failed to meet his burden to show that any extraordinary circumstances prevented him from timely filing his petition and, thus, equitable tolling does not apply.

Because Alvarez did not file his federal habeas petition until December 28, 2018—and neither statutory nor equitable tolling apply—his petition was filed over eight months too late and it must be dismissed as time-barred.

## III. CONCLUSION

Respondent's Motion for Summary Judgment (Docket No. 13) is GRANTED. Alvarez's petition for writ of habeas corpus (Docket No. 1) is DENIED. This case is DISMISSED with prejudice.

The showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues

are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Alvarez has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

It is so ORDERED.

SIGNED on this 30th day of January, 2020.

Kenneth M. Hoyt
United States District Judge